UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY DURLEY,

      Plaintiff,

v.                  Case No. 22-cv-1127-pp

WHITNEY PITZLIN, ALLISON HOHENSTERN,
JESSICA HOSFELP, JENNA HILAND,
ASHLEY HASELEU, ROBERT WEINMAN,
DR. JEAN PIERRE, RN VICK GWENDOLYN
and ANN YORK,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO WAIVE INITIAL PARTIAL FILING FEE (DKT. NO. 13) AND DENYING AS MOOT PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE MAGISTRATE JUDGE CONSENT FORM (DKT. NO. 7)**

---

  Timothy Durley, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, dkt. no. 1, and a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. October 13, 2022, the court received the plaintiff's institutional trust fund account statement for the preceding six months, which shows that as of September 30, 2022, he had $0.00 in his regular account and of $0.24 in his release account. Dkt. No. 11. On October 17, 2022, based on the information in the trust account statement, the court ordered the plaintiff to pay an initial partial filing fee of $1.87. Dkt. No. 12.

  On October 26, 2022, the court received from the plaintiff a motion to waive the requirement that he pay the $1.87 initial partial filing fee. Dkt. No.

13. The plaintiff asserts that from May to September 2022 his account had only "0.00 – 0.24 cents in it." Id. at 1. He says that his "loved one's ask[ed him] if [he] want them to put money on [his] book's, in which [he] say no, just buy [him] stamps—paper, etc. misc stuff from J.L. Marcus." Id. The plaintiff asks the court "for permission to be not required[d] to pay the filing fee." Id.

The court must assess an initial partial filing fee each time an incarcerated person files a case. 28 U.S.C. §1915(b)(1); see also Bruce v. Samuels, 577 U.S. 82, 89–90 (2016). But the court may waive an incarcerated plaintiff's requirement to pay an initial partial filing fee if he lacks both the "assets" and the "means" to pay it. See 28 U.S.C. §1915(b)(4). The Seventh Circuit has explained that "[i]t is not enough that the prisoner lack assets on the date he files." Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997), overruled in part on other grounds by Walker v. O'Brien, 216 F.3d 626, 628–29 (7th Cir. 2000), and Lee v. Clinton, 209 F.3d 1025, 1027 (7th Cir. 2000). If that were the case, an incarcerated person could avoid paying the initial partial filing fee by spending what is in his trust account before filing his lawsuit. The court construes an incarcerated person's "means" broadly; an incarcerated person may lack "assets" but still have "means" to pay the fee. See id. ("A prisoner with periodic income has 'means' even when he lacks 'assets.'").

The court recently granted the plaintiff's motion to waive the initial partial filing fee in another of his cases because, as of July 2022, he had no money in his institutional account and only $0.24 in his release account. Case No. 22-cv-706-pp, Dkt. No. 14 at 2–4. The court concluded in that case that

the plaintiff had showed that "he has no assets, no cash or bank account and no source of income." Id. at 3. The court found "that the plaintiff has neither the assets nor the means to pay the initial partial filing fee, and it [did] not require him to pay one." Id.

The plaintiff's institutional trust account statements through September 2022 show that he still has no money in his regular account and still has only $0.24 in his release account. That statement, and the plaintiff's motion for leave to proceed without prepaying the filing fee, suggest that he still "has no assets, no cash or bank account and no source of income" with which to pay the initial partial filing fee. But the plaintiff's motion shows that, although he does not currently have the *assets* to pay the initial partial filing fee, he does have the *means*—his loved ones who have sent him money in the past and who asked him if he wanted them to send him more money. The plaintiff says that, despite the fact that his loved ones offered to put money in his account, he told them not to—presumably so that it couldn't be used to pay filing fees. The plaintiff said that instead, he asked them to buy him stamps, paper and "misc stuff from J.L. Marcus," a company which sells medical clothing and footwear.

Again, the court construes the plaintiff's "means" broadly. Even though the plaintiff has no income or cash of his own, he has loved ones outside of the institution who have sent him money in the past and are willing to do so now. The fact that the plaintiff has people who send him money to pay for stamps, paper and items from J.L. Marcus shows he has the "means" to pay the $1.87 initial partial filing fee for this case, even though he does not currently have the

"assets" in his trust account. See Collins v. State of Wisconsin, No. 20-cv-521-pp, 2020 WL 6361860, at *2 (E.D. Wis. Oct. 29, 2020) ("While the plaintiff does not have a job and is not generating his own income, he *is* receiving money from his family, and this qualifies as an 'asset' and 'means' to pay under §1915(b)(4)."). The court will not grant the plaintiff's motion and will not waive the requirement that he pay the $1.87 filing fee in this case. Had the court known when it decided the plaintiff's motion to waive payment of the initial partial filing fee in Case No. 22-cv-706 that the plaintiff had advised his loved ones not to put money on his account but to use that money to buy him things instead, it likely would not have granted that motion, either.

This is the plaintiff's twelfth civil rights case since December 2020, and he since has filed a thirteenth (Case 22-cv-1293, filed Nov. 1, 2022). The court has advised the plaintiff more than once that he is required pay a new $350 filing fee for *each* case he files and that the prison will automatically deduct money from his institutional trust account to cover that cost, even in cases where the court has waived his requirement to pay an initial partial filing fee. The plaintiff's trust account statement shows that the reason he does not have funds to pay the initial partial filing fee in *this* case is because he is paying filing fees in his other cases. Until those fees are paid in full, the prison will continue to deduct money from the plaintiff's institutional account every time he receives a deposit, likely leaving him with little to no money to purchase stamps, paper and commissary items or to fund his lawsuits.

4

Case 2:22-cv-01127-PP   Filed 11/17/22   Page 4 of 6   Document 14

As explained above, the court may not dismiss a lawsuit filed by an incarcerated person who lacks the ability to pay an initial partial filing fee. See 28 U.S.C. §1915(b)(4). But "if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." Thomas v. Butts, 745 F.3d 309, 312 (7th Cir. 2014) (citations and internal quotation omitted). The court is not required to waive payment of an initial partial filing fee for an incarcerated person who "does not have the ability to pay the initial partial filing fee . . . because of his past litigation choices." Goodvine v. Adams, No. 21-cv-826-pp, 2022 WL 204626, at *2 (E.D. Wis. Jan. 24, 2022). The court will not waive the plaintiff's requirement to pay an initial partial filing fee in future lawsuits he files if the only reason he cannot afford pay that fee is because his trust account funds have been depleted to pay the fees that he owes in the other thirteen cases he has filed—especially if he tries to avoid the obligation to pay the filing fees by instructing his loved ones not to replenish his account.

The plaintiff has two options: (1) he can ask the court to voluntarily dismiss this lawsuit and can refile it later (as long as it isn't barred by the relevant statutes of limitations), or (2) he can pay the $1.87 initial partial filing fee. If the plaintiff wants to continue the case, he **must** pay the initial partial filing fee by the deadline the court sets below. If the court does not receive the $1.87 or a request to voluntarily dismiss the case by the deadline below, the court will dismiss the plaintiff's case on the next business day without further

notice or hearing. **Whichever option the plaintiff chooses, he remains obligated to pay the full $350 filing fee.**

On October 4, 2022, the court received from the plaintiff a motion for an extension of time to mail the court his form either consenting or refusing to consent to a magistrate judge deciding his case. Dkt. No. 7. On October 12, 2022, however, the court received the plaintiff's magistrate consent form. Dkt. No. 10. The court will deny as moot the plaintiff's motion for an extension of time to file that form.

The court **DENIES** the plaintiff's motion to waive payment of the initial partial filing fee. Dkt. No. 13. The plaintiff must pay the $1.87 initial partial filing fee or file a motion to voluntarily dismiss this case in time for the court to *receive* it by the end of the day on **December 2, 2022**. If the court does not receive either the $1.87 initial partial filing fee or a motion to voluntarily dismiss the case by the end of the day on December 2, 2022, the court will dismiss this lawsuit without prejudice, as stated in its previous order. Dkt. No. 12 at 4. The plaintiff will remain obligated to pay the $350 filing fee even if the court dismisses the case for failure to pay the initial partial filing fee.

The court **DENIES AS MOOT** the plaintiff's motion for an extension of time to mail the court his magistrate judge consent form. Dkt. No. 7.

Dated at Milwaukee, Wisconsin this 17th day of November, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**