# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

    Plaintiff,

v.                                                              Case No. 22-CV-1127

CHERYL JEANPIERRE,

    Defendant.

## ORDER

On September 26, 2022, plaintiff Timothy Durley, who is incarcerated at Waupun Correctional Institution, filed a complaint under 42. U.S.C. § 1983. (ECF No. 1.) On January 27, 2023, Chief Judge Pamela Pepper allowed Durley to proceed *in forma pauperis* and screened his complaint. (ECF No. 17.) Durley was allowed to proceed on a First Amendment retaliation claim against the defendant. On March 7, 2023, because all parties consented to magistrate jurisdiction, the case was reassigned to this court. (ECF No. 21.)

On March 28, 2023, the defendant filed a motion to revoke Durley's *in forma pauperis* status and to stay the deadline to file an answer to the complaint. (ECF No. 23.) The defendant argues that the court should revoke Durley's *in forma pauperis* status because, prior to filing his complaint, he incurred three "strikes" and has "struck out" under 28 U.S.C. § 1915(g). Thus, he may only proceed *in forma pauperis* if his complaint demonstrates that he is in imminent danger of physical injury. *Id.*

The defendant argues that Durley's complaint does not demonstrate imminent danger. In response, Durley filed a motion to deny the defendant's motion to revoke his *in forma pauperis* status. (ECF No. 25.)

Under § 1915(g), a plaintiff who incurs three or more "strikes" as defined by the Prison Litigation Reform Act (PLRA) must prepay the entire filing fee:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The defendant asserts that Durley has incurred strikes in three previous cases: Case No. 21-CV-281-pp; Case No. 21-CV-628-pp; and Case No. 21-CV-153-pp. The court has reviewed the dockets of these three cases and confirms that Durley has indeed incurred strikes in all three. The court notes that in Case No. 21-CV-153-pp, the strike is erroneously labeled as Durley's second strike, (*see* ECF No. 15 at 7), but the record clearly reflects it is in fact his third. Accordingly, Durley incurred his third strike on July 20, 2022, and filed this complaint on September 26, 2022.

The court has reviewed Durely's complaint and the screening order and does not find that he states a claim that demonstrates he is in imminent danger. He states a First Amendment retaliation claim. This claim does not meet the imminent danger exception, which is available only "'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Heimermann v. Litscher,* 337 F.3d 781, 782

(7th Cir. 2003) (quoting *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002)). The plaintiff cannot rely on "[a]llegations of past harm" to satisfy that requirement; "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). There is nothing about Durley's First Amendment claim that demonstrates he is facing a real and immediate threat of harm. As such, the court will grant the defendant's motion and revoke Durley's *in forma pauperis* status.

If Durley wishes to proceed with this action, by **June 2, 2023,** he must pay the remaining balance of the $402 filing fee, which is $400.31**.** If Durley does not pay the remaining balance by the deadline, the court will dismiss this case without prejudice.

**IT IS THEREFORE ORDERED** that the defendant's motion to revoke Durley's *in forma pauperis* status (ECF No. 23) is **GRANTED** and Durley's motion to deny the defendant's motion to revoke (ECF No. 25) is **DENIED**. Durley's *in forma pauperis* status is **REVOKED**. Durley must pay the $400.31 balance of the full filing fee by **June 2, 2023**. Failure to pay the fee by this deadline will result in dismissal of his case without prejudice.

Dated at Milwaukee, Wisconsin this 2nd day of May, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

3

4