# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY DURLEY,**

    Plaintiff,

v.                                                              **Case No. 22-CV-1127**

**CHERYL JEANPIERRE,**

    Defendant.

## ORDER

On September 26, 2022, plaintiff Timothy Durley, who is incarcerated at Waupun Correctional Institution, filed a complaint under 42. U.S.C. § 1983. (ECF No. 1.) On January 27, 2023, Chief Judge Pamela Pepper allowed Durley to proceed *in forma pauperis* and screened his complaint. (ECF No. 17.) Durley was allowed to proceed on a First Amendment retaliation claim against the defendant. On March 7, 2023, because all parties consented to magistrate jurisdiction, this case was reassigned to this court. (ECF No. 21.)

On March 28, 2023, the defendant filed a motion to revoke Durley's *in forma pauperis* status and to stay the deadline to file an answer to the complaint. (ECF No. 23.) On May 2, 2023, the court granted the defendant's motion and revoked Durley's *in forma pauperis* status (ECF No. 28.) The court informed Durley that, in order to proceed with his case, he must pay the remaining balance of the full filing fee,

$400.31, by June 2, 2023. The court cautioned Durley that failure to do so by the deadline will result in dismissal of his case.

The June 2, 2023, deadline has passed and Durley has not paid the remainder of the full filing fee. As such, his case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 12th day of June, 2023.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge